I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY
FIRST CLASS MAIL, POSTAGE PREPAID, TO ALL COUNSEL petitioner
(OR PARTIES) AT THEIR RESPECTIVE MOST RECENT ADDRESS OF
RECORD IN THIS ACTION ON THIS DATE.

DATED: September 20, 2011

_____
DEPUTY CLERK

```
FILED
CLERK, U.S. DISTRICT COURT

SEP 2 0 2011

CENTRAL DISTRICT OF CALIFORNIA
BY    Shy              DEPUTY
```

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SOUTHERN DIVISION

| | |
|---|---|
| EUGENE EVERAL BAIRD, | Case No.  SACV 11-01401 GAF (AN) |
| Petitioner, | **ORDER TO SHOW CAUSE RE DISMISSAL OF PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY AS TIME-BARRED** |
| v. | |
| MATTHEW CATE, SECRETARY OF CDCR, | |
| Respondent. | |

## I. BACKGROUND

Before the Court is a petition for writ of habeas corpus ("Petition") brought by Eugene Everal Baird ("Petitioner"), a state prisoner proceeding *pro se*. The Petition is brought pursuant to 28 U.S.C. § 2254 and raises four claims directed at Petitioner's March 1, 2007 conviction in the California Superior Court for Orange County (case no. 06SF1142) of second degree burglary and grand theft, and sentence enhancements, for which he was sentenced to 7 years in state prison. For the reasons set forth below, Petitioner is ordered to show cause why his Petition should not be dismissed with prejudice because it is time-barred.

///

///

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## II. DISCUSSION

### A.    Standard of Review

Habeas Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, requires a judge to "promptly examine" a habeas petition and "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Local Rule 72-3.2 of this Court also provides "[t]he Magistrate Judge promptly shall examine a petition for writ of habeas corpus, and if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief, the Magistrate Judge may prepare a proposed order for summary dismissal and submit it and a proposed judgment to the District Judge." C.D. Cal. R. 72-3.2. Further, an untimely habeas petition may be dismissed *sua sponte*, however, the district court must give the petitioner adequate notice and an opportunity to respond before doing so. *Day v. McDonough*, 547 U.S. 198, 209-10, 126 S. Ct. 1675 (2006); *Herbst v. Cook*, 260 F.3d 1039, 1043 (9th Cir. 2001).

### B.    Statute of Limitations

The Petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which establishes a one-year statute of limitations for state prisoners to file a habeas petition in federal court, because the Petition was filed after April 24, 1996, AEDPA's enactment date. 28 U.S.C. § 2244(d)(1); *see Lindh v. Murphy*, 521 U.S. 320, 327-37, 117 S. Ct. 2059 (1997). In most cases, the limitations period begins to run from "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

///

///

///

Page 2

1    The face of the Petition and relevant state court records[1] establish the following

2    relevant facts. Petitioner was convicted of the above offenses on March, 1, 2007, and

3    sentenced on March 23, 2007. On September 22, 2008, the California Court of Appeal

4    affirmed the judgment of conviction (case no. G038403). The California Supreme

5    Court then denied review of the court of appeal's decision on December 10, 2008

6    (case no. S167969). (Pet. at 2-3[2]; state court records.) Petitioner does not appear to

7    have filed a petition for certiorari with the United States Supreme Court.

8    Therefore, for purposes of AEDPA's limitations period, Petitioner's judgment

9    became final on March 10, 2009, the ninetieth day after the state high court denied his

10   petition for review and the last date for him to file a petition for certiorari with the

11   Supreme Court. *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999). The statute of

12   limitations then started to run the next day, March 11, 2009, and ended a year later on

13   March 10, 2010. 28 U.S.C. § 2244(d)(1)(A); *see also Patterson v. Stewart*, 251 F.3d

14   1243, 1245-47 (9th Cir. 2001) (the limitations period begins to run on the day after the

15   triggering event pursuant to Fed. R. Civ. P. 6(a)). Petitioner did not constructively file

16   his pending Petition until September 9, 2011 -- 548 days (eighteen months) after the

17   expiration of the limitations period.[3] Accordingly, absent some basis for tolling or an

18

———————————

19   [1]   The Court takes judicial notice of Petitioner's records in the superior court,

20   which are available on the Internet at https://ocapps.occourts.org, and in the state

21   appellate courts, which are available on the Internet at http://appellatecases.court

     info.ca.gov ("state court records"). *See Smith v. Duncan*, 297 F.3d 809, 815 (9th Cir.

22   2002) (federal courts may take judicial notice of relevant state court records in federal

23   habeas proceedings).

24   [2]   Petitioner did not consecutively number the pages of the Petition and his

25   attached pages as required by Local Rule 11-3.3. For sake of clarity, the Court cites

     the pages of the Petition and the attachments by referring to the electronic pagination

26   furnished by the Court's official CM-ECF electronic document filing system.

27   [3]   Pursuant to the "mailbox rule," a *pro se* prisoner's federal habeas petition

28                                                                    (continued...)

Page 3

1  alternative start date to the limitations period under 28 U.S.C. § 2244(d)(1), the

2  pending Petition is time-barred.

3  **C.      Statutory Tolling**

4         AEDPA includes a statutory tolling provision that suspends the limitations

5  period for the time during which a "properly-filed" application for post-conviction or

6  other collateral review is "pending" in state court. 28 U.S.C. § 2244(d)(2); *Waldrip v.*

7  *Hall*, 548 F.3d 729, 734 (9th Cir. 2008); *Bonner v. Carey*, 425 F.3d 1145, 1148 (9th

8  Cir. 2005). An application is "pending" until it has achieved final resolution through

9  the state's post-conviction procedures. *Carey v. Saffold*, 536 U.S. 214, 220, 122 S. Ct.

10  2134 (2002). The limitations period is not tolled between the time a final decision is

11  issued on direct state appeal and the time a state collateral challenge is filed because

12  there is no case "pending" during that interval. *Thorson v. Palmer*, 479 F.3d 643, 646

13  (9th Cir. 2007); *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999). On collateral

14  review, however, "intervals between a lower court decision and a filing of a new

15  petition in a higher court," when reasonable, fall "within the scope of the statutory

16  word 'pending'" thus tolling the limitations period. *Saffold*, 536 U.S. at 221, 223;

17  *Evans v. Chavis*, 546 U.S. 189, 192, 126 S. Ct. 846 (2006) (*citing Saffold*).

18         Further, to qualify for statutory tolling during the time the petitioner is pursuing

19  collateral review in the state courts, his first state habeas petition must be

20  constructively filed before, not after, the expiration of AEDPA's one-year limitations

21

22

23  _____

    [3/]   (...continued)

    is deemed to be filed on the date the prisoner delivers the petition to prison authorities

24  for mailing to the clerk. *Houston v. Lack*, 487 U.S. 266, 270-71, 108 S. Ct. 2379

    (1988); *Huizar v. Carey*, 273 F.3d 1220, 1222 (9th Cir. 2001); *see also* Habeas Rule

25  3(d). The envelope containing the pending Petition was postmarked by the prison mail

26  system on September 9, 2011, and filed with the Court on September 12, 2011. (Pet.

27  at 1, 53.) For purposes of the timeliness analysis, and absent proof to the contrary, the

    Court assumes Petitioner constructively filed the Petition by delivering it to the prison

28  mail system on September 9, 2011.

period. *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2254 does not permit the reinitiation of the limitation period that has ended before the state petition was filed"); *Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001); *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) ("A state-court petition [] that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled").

The face of the Petition and relevant state court records establish Petitioner filed four state habeas petitions. On August 17, 2009, he filed a habeas petition in the state superior court (case no. OCSC M12888), which was denied on August 25, 2009. Next, on November 4, 2009, he filed a habeas petition in the state court of appeal (case no. G042850), which was denied on December 17, 2009. On February 3, 2010, he filed another habeas petition in the state court of appeal (case no. G043291), which was denied on March 25, 2010. Finally, on February 24, 2010, Petitioner filed a habeas petition in the California Supreme Court (case no. S180472), which was denied on September 1, 2010. (Pet. at 4-5, 41-44; state court records.) Even assuming Petitioner receives the full 380 days of statutory tolling for the pendency of all his state habeas petitions,[4] extending AEDPA's limitations deadline from March 10, 2010, to March 25, 2011, the pending Petition would still be untimely by 168 days.

///

---

[4]   However, it does not appear Petitioner would be entitled to interval tolling between his first and second state habeas petitions. As stated above, intervals between a lower court decision and the filing of a new petition in a higher court toll the limitations period *where reasonable*. *Saffold*, 536 U.S. at 221, 223; *Evans*, 546 U.S. at 192. However, here, the interval between the superior court's decision and the filing of Petitioner's next habeas petition in the state court of appeal spanned 71 days, from August 25 to November 4, 2010. That interval was longer than "the '30 to 60 days' that 'most States' allow for filing petitions, and [Petitioner has] offered no justification for the delay[] as required under California law." *Chaffer v. Prosper*, 592 F.3d 1046, 1048 (9th Cir. 2010) (citations omitted); *see also Banjo v. Ayers*, 614 F.3d 964, 970 (9th Cir. 2010).

1  The face of the Petition and relevant state court records establish the pending

2 Petition is still untimely despite any statutory tolling to which Petitioner is entitled.

3 **D.**  **Alternative Start of the Statute of Limitations**

4    **1.**  **State-Created Impediment**

5  In rare instances, AEDPA's one-year limitations period can run from "the date

6 on which the impediment to filing an application created by State action in violation

7 of the Constitution or laws of the United States is removed, if the applicant was

8 prevented from filing by such State action." 28 U.S.C. § 2244(d)(1)(B). Asserting that

9 the statute of limitations was delayed by a state-created impediment requires

10 establishing a due process violation. *Lott v. Mueller*, 304 F.3d 918, 925 (9th Cir.

11 2002). Thus, a claim under this provision "must satisfy a far higher bar than that for

12 equitable tolling." *Ramirez v. Yates*, 571 F.3d 993, 1000 (9th Cir. 2009). Petitioner's

13 filings do not set forth any facts that show he is entitled to relief under this provision.

14    **2.**  **Newly Recognized Constitutional Right**

15  AEDPA provides that, if a claim is based upon a constitutional right that is

16 newly recognized and applied retroactively to habeas cases by the United States

17 Supreme Court, the one-year limitations period begins to run on the date which the

18 new right was initially recognized by the Supreme Court. 28 U.S.C. § 2244(d)(1)(C).

19 Petitioner's filings do not set forth any facts that show he is entitled to relief under this

20 provision.

21    **3.**  **Discovery of Factual Predicate**

22  AEDPA also provides that, in certain cases, its one-year limitations period shall

23 run from "the date on which the factual predicate of the claim or claims presented

24 could have been discovered through the exercise of due diligence." 28 U.S.C. §

25 2244(d)(1)(D); *Hasan v. Galaza*, 254 F.3d 1150, 1155 (9th Cir. 2001). Petitioner's

26 filings do not set forth any facts that show Petitioner is entitled to an alternate start

27 date to the limitations period based upon the late discovery of the factual predicate.

28 ///

## E.      Equitable Tolling

The AEDPA's limitations period "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, --- U.S. ---, 130 S. Ct. 2549, 2560 (2010). However, "[e]quitable tolling is justified in few cases" and "the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003) (*quoting Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002)).

"[A] litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807 (2005); *Lawrence v. Florida*, 549 U.S. 327, 336, 127 S. Ct. 1079 (2007). *Pace*'s diligence prong requires the petitioner to show he engaged in reasonably diligent efforts to file his § 2254 petition throughout the time the limitations period was running. *Mendoza v. Carey*, 449 F.3d 1065, 1070 (9th Cir. 2006); *see also Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000) (equitable tolling requires a showing that "the party seeking equitable tolling must have acted with reasonable diligence throughout the period he seeks to toll" and "extraordinary circumstances prevented him from filing his petition on time"). The petitioner must also demonstrate that he exercised reasonable diligence in attempting to file his habeas petition after the extraordinary circumstances began otherwise the "link of causation between the extraordinary circumstances and the failure to file [is] broken." *Spitsyn*, 345 F.3d at 802. *Pace*'s "extraordinary circumstances" prong requires the petitioner to "additionally show that the extraordinary circumstances were the cause of his untimeliness, and that the extraordinary circumstances made it impossible to file a petition on time." *Ramirez*, 571 F.3d at 997 (internal quotations and citations omitted). Further, equitable tolling determinations are "highly fact-dependent," *Mendoza*, 449 F.3d at 1068, and the petitioner "bears the burden of showing that equitable tolling is appropriate." *Espinoza-Matthews v. California*, 432 F.3d 1021, 1026 (9th Cir. 2005).

1    Petitioner's filings do not show he is entitled to equitable tolling in this case.

2    **ORDER**

3    Based on the foregoing, the Court finds the Petition is untimely. Accordingly,

4    Petitioner shall have until **October 7, 2011**, to file a written response and show cause

5    why his Petition should not be dismissed with prejudice because it is time-barred.

6    **Petitioner is warned that if a timely response to this Order is not made,**

7    **Petitioner will waive his right to respond and the Court will, without further**

8    **notice, issue an order dismissing the Petition, with prejudice, as time-barred.**

9    **Further, if Petitioner determines the Court's above analysis is correct and**

10   **the Petition is clearly time-barred, he should consider filing a Request For**

11   **Voluntary Dismissal of this action pursuant to Fed. R. Civ. P. 41(a)(1) in lieu of**

12   **a response to this Order.**

13

14   IT IS SO ORDERED.

15

16

17   DATED: September 19, 2011                    _____

18                                               ARTHUR NAKAZATO
                                                 UNITED STATES MAGISTRATE JUDGE

19

20

21

22

23

24

25

26

27

28